*954 OPINION OF THE COURT
Jerome C. Gorski, J.
This matter comes before this court by way of defendant Guaranty Fund Management Services’ (GFMS) motion pursuant to CPLR 5015 (a) (4), to dismiss the within matter on the basis that this court has no jurisdiction over it.
The defendant GFMS is a not-for-profit organization which handles claims for the defendant, New Hampshire Insurance Guaranty Association (NHIGA), a statutory insurance guaranty association under the laws of the State of New Hampshire. Its members consist of all insurers licensed to transact insurance transactions in the State of New Hampshire. Defendant GFMS became involved in the underlying tort action, venued in Erie County, New York when the Ideal Insurance Company, plaintiffs insurer, became insolvent during the pendency of the action. By operation of statute, defendant, NHIGA, then was deemed the insurer "to the extent of its obligation on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent.” (NH Rev Stat Annot § 404-B:8 [I] [b].)
Plaintiff has made a demand upon the defendant NHIGA to contribute to a settlement of the underlying action and the defendant, NHIGA, denied such demand for the reason that any payment by defendant, NHIGA, to Lorkowski, would be recoverable by the Aetna Insurance Company, on account of its workers’ compensation liens and would, therefore, constitute a payment to an insurer in contravention of New Hampshire Revised Statutes Annotated § 404-B:5 (IV).
Plaintiff then served a complaint upon defendant NHIGA, and took a default judgment against them in this court for the alleged failure to contribute to the settlement herein. The court has already granted the defendant GFMS’s motion to vacate the default judgment, and to litigate the jurisdiction question.
New York State’s long-arm statute codified at CPLR 302 provides, in part, that:
"(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
*955 "1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
"2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
"3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
"(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
"(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
"4. owns, uses or possesses any real property situated within the state.”
This court must analyze whether the defendant, NHIGA "transacts any business within the state [of New York] or contracts anywhere to supply goods or services in the state”.
It is the plaintiff’s position that defendant NHIGA is nothing more than a collection of insurance companies engaged in international and interstate commerce. Plaintiff points out that defendant NHIGA’s agent, defendant GFMS, is a Massachusetts corporation, not a New Hampshire corporation, thus contradicting the defendant NHIGA’s argument that it is nothing more than a New Hampshire entity. Plaintiff claims that by providing a defense in the State of New York in the underlying tort action, defendant NHIGA was or should have been providing services within the State of New York on behalf of policyholders and claimants pursuant to New Hampshire law and, in fact, claims that these services were rendered in a negligent manner in the State of New York. Ideal Insurance Company, whose shoes defendant, NHIGA, must fill by statute, was both doing business in New York and New Hampshire.
Conversely, defendant NHIGA and defendant GFMS claim to be merely fulfilling their statutory obligations and have not engaged in any transactions in New York State, subjecting it to New York’s long-arm jurisdiction.
In the case of Rhulen Agency v Alabama Ins. Guar. Assn. (715 F Supp 94 [SD NY 1989], affd on other grounds 896 F2d *956 674 [2d Cir 1990]), the United States District Court for the Southern District of New York interpreted CPLR 302 to hold that New York courts could not exercise personal jurisdiction over guaranty associations other than New York’s Guaranty Association. That court found that "guaranty associations [other than New York’s Guaranty Association] did not transact business within the State of New York, and did not contract to supply goods or services in the State. None is present in this State to the extent of having subjected itself to the protection of the State for the purposes of transacting business, nor have any of them 'purposely availed themselves of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws’ ” (at 97).
When a Florida court was presented with the same issue, it held that a nonresident guaranty association was not subject to the personal jurisdiction of the Florida court. (South Carolina Ins. Guar. Assn. v Underwood, 527 So 2d 931 [Fla 1988].) In that case, a judgment creditor brought an action in Florida against South Carolina Insurance Guaranty Association (SCIGA) to recover on a judgment against a South Carolina insolvent insurer. In holding that the Florida court could not constitutionally exercise personal jurisdiction over SCIGA, the court stated: "the contract [between the insolvent insurer and the insured] was entered into in South Carolina for services to be performed in South Carolina and neither SCIGA nor [the insolvent insurer] availed itself of the privilege of conducting activities within Florida, thus failing to invoke the benefits and protections of Florida’s laws.” (South Carolina Ins. Guar. Assn. v Underwood, supra, at 935.)
For the reasons stated in the above cases and because it would be purely a matter of the application of New Hampshire law to determine the indemnity and contribution issues, this controversy should be determined in the State of New Hampshire. This court does not have jurisdiction to determine this matter in this State.